[Cite as *Cobb v. Ohio Dept. of Transp.*, 2010-Ohio-3933.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TERRY R. COBB

   Plaintiff

   v.

OHIO DEPARTMENT OF TRANSPORTATION

   Defendant

   Case No. 2009-09221-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On July 5, 2008, plaintiff, Terry R. Cobb, suffered personal injury when she tripped and fell while walking on a sidewalk at 2200 Carnegie Avenue in Cleveland, Ohio. Specifically, plaintiff related she fractured a bone in her left foot when "my heel of my left foot got caught up in the crack in the sidewalk, twisted my left foot to the extreme left, where it threw me out of my shoe." Plaintiff located the injury incident at "the sidewalk area just before you get to the driveway, which at the time was occupied by the Cleveland Federation of Musicians-Local 4 (Address 2200 Carnegie Ave)" in the City of Cleveland. Plaintiff noted the particular sidewalk area where she caught her foot was a cracked pavement area near a manhole cover. Plaintiff filed this action against defendant, Department of Transportation (ODOT), contending ODOT is the owner of the sidewalk area at 2200 Carnegie Avenue and consequently bears the maintenance responsibility for needed repairs to the pavement. Plaintiff asserted her foot injury was proximately caused by negligence on the part of ODOT in failing to conduct adequate maintenance of the sidewalk pavement at 2200 Carnegie Avenue. Plaintiff seeks damage recovery in the amount of $1,860.60, representing unreimbursed medical

expenses and work loss resulting from her injury event. The filing fee was paid.

{¶ 2} Defendant filed an investigation report denying liability in this matter based on the contention that the sidewalk area where plaintiff's injury occurred falls under the maintenance jurisdiction of the City of Cleveland and ODOT does not have any duty to conduct maintenance of sidewalks within the City of Cleveland. Defendant advised, "[t]he right-of-way plans for Carnegie Avenue and East 22nd Street show that the Cleveland Federation of Musicians are the owners of this property where the plaintiff fell." Defendant explained ODOT, "does not maintain this sidewalk on Carnegie Avenue." Consequently, defendant requested plaintiff's claim be dismissed since ODOT is not a proper party defendant in her personal injury action.

{¶ 3} Plaintiff filed a response asserting the property where she was injured is owned by ODOT. Plaintiff related that she, "was informed that a title search of the property will demonstrate that ODOT had ownership of the property where the accident happened and lien on property of area going toward the innerbelt." Plaintiff reported she was encouraged by an ODOT representative to file an action in this court against ODOT. Plaintiff referenced a document she filed with both her complaint and response generated by City of Cleveland sidewalk inspector, James Losey, who inspected the sidewalk at 2200 Carnegie Avenue. In the body of the document drafted October 2, 2008, Losey wrote, "the area of disrepair on Carnegie side does not belong to the Union Hall (Cleveland Federation of Musicians) but belongs to the State of Ohio." Plaintiff did not submit any additional evidence to demonstrate that ODOT or other State entity owned the property at 2200 Carnegie Avenue, on July 5, 2008. Defendant, in its investigation report, specifically denied being the owner of the property at 2200 Carnegie Avenue.

{¶ 4} Ohio Revised Code Section 5501.31 in pertinent part states:

{¶ 5} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

{¶ 6} Plaintiff has failed to offer evidence to prove ODOT was the owner of the

site where her personal injury event occurred.  The site of the damage-causing incident was not the maintenance responsibility of defendant.  Consequently, plaintiff's case is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TERRY R. COBB

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2009-09221-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision, plaintiff's claim is DISMISSED.  The court shall absorb the court costs for this claim in excess of the filing fee.

_____
DANIEL R. BORCHERT

Deputy Clerk

Entry cc:

Terry R. Cobb                                  Jolene M. Molitoris, Director
3699 Atherstone Road                           Department of Transportation
Cleveland Hts., Ohio  44121                    1980 West Broad Street
                                               Columbus, Ohio  43223

RDK/laa
3/30
Filed 4/15/10
Sent to S.C. reporter 8/20/10